UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FERNANDO JESUS PACHECO ESTRADA,

Petitioner,

v. Case No. 3:26-cv-2866-MMH-PDB

MARKWAYNE MULLIN, et al.,

Respondents.

# ORDER

## I. Status

Petitioner Fernando Jesus Pacheco Estrada, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition) on October 20, 2026. Pacheco Estrada also filed exhibits in support of the Petition (Doc. 7). He argues that Respondents unlawfully terminated his parole and re-detained him. Petition at 9–11. As relief, he asks the Court, among other things, to order his immediate release under the conditions of his prior parole. Id. at 12.

On November 4, 2026, the Court granted Pacheco Estrada's request for a temporary restraining order and enjoined Respondents from removing him from the Middle District of Florida through November 18, 2026. See Temporary

Restraining Order (Doc. 9; TRO). The Court advised the parties that it would consolidate the resolution of the merits of the Petition with the determination of whether to convert the TRO into a preliminary injunction and set a briefing schedule. See id. The Federal Respondents subsequently filed a Response (Doc. 10; Response). Pacheco Estrada filed a Reply (Doc. 12; Reply).

## II. Background

After fleeing Venezuela, Pacheco Estrada entered the United States on about May 30, 2019, and applied for admission at the San Ysidro Port of Entry. Petition at 2. On May 31, 2019, the Department of Homeland Security (DHS) issued him a Notice to Appear, classifying him as an "arriving alien," and ordering him to appear before an immigration judge in Orlando, Florida on "a date to be set." Doc. 1-1 at 2. The following day, June 1, 2019, DHS released Pacheco Estrada under 8 U.S.C. § 212.5—"Parole with Reporting Requirements"—and directed him to report in person to the "Non-Detained Office/ATD[[1]] Office" on June 15, 2020. Doc. 7-1 at 2-3.

According to Pacheco Estrada, he "has never been arrested, charged, or convicted of any crime in the United States or in any other country," and his family reports that "he has complied with his immigration appointments." Petition at 3. The Federal Respondents do not assert otherwise. See generally

[1] Alternatives to Detention.

Response. Nevertheless, on October 15, 2026, DHS issued a Warrant for Arrest of Alien, and detained Pacheco Estrada. See Doc. 10-2 at 1; Petition at 3.

Pacheco Estrada raises three claims in the Petition. First, he contends that Respondents violated 8 C.F.R. § 212.5(e)(2)(i) and the Accardi[2] doctrine when they terminated his parole without written notice and without "a determination that the purpose of his parole was accomplished or that neither humanitarian reasons nor public benefit warrants his continued presence in the United States." Petition at 9. Second, he asserts that the "termination of [his] parole and his continued detention without notice, reasons, or any opportunity to be heard violate the Due Process Clause of the Fifth Amendment." Id. at 10-11. Third, he contends that the improper revocation of his parole violated the Administrative Procedure Act. Id. at 11. As relief, Pacheco Estrada seeks, among other things, release "under the conditions of his prior parole" or alternatively, "an individualized hearing before this Court at which Respondents must justify Petitioner's continued detention." Id. at 12 (emphasis added).

## III. Analysis

The Immigration and Nationality Act permits DHS discretion to "parole into the United States . . . any alien applying for admission to the United

[2] United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 265 (1954).

States." 8 U.S.C. § 1182(d)(5)(A). Parole is an alternative to detention that is temporary and conditional—it must be justified by "urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A). "[W]hen the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled." Id.

Parole may be terminated automatically or with written notice. See 8 C.F.R. § 212.5(e). Parole is "automatically terminated without written notice (i) upon the departure from the United States of the alien, or, (ii) if not departed, at the expiration of the time for which parole was authorized." Id. § 212.5(e)(1). In all other cases, "upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the [specified] officials[,] . . . neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien." Id. § 212.5(e)(2)(i) (emphasis added).

Here, there are no documents in the record that suggest Pacheco Estrada's parole was time-limited or that it otherwise "automatically terminated." Thus, revocation of his parole was governed by § 212.5(e)(2)(i), which requires "written notice."

The Federal Respondents correctly contend that "service of a charging document," such as a notice to appear, "serves as notice of termination of

parole." Response at 6; see 8 C.F.R. § 212.5(e)(2)(i) ("When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified."). However, in this case, DHS issued Pacheco Estrada's Notice to Appear before releasing him on parole. Thus, the Notice to Appear cannot be considered as a revocation of a grant of parole that had not yet occurred. See Begaliev v. Warden of Otero Cnty. Processing Ctr., No. 2:26-CV-00358-KWR-KK, 2026 WL 837109, at *3 (D.N.M. Mar. 26, 2026)[3] (recognizing that "the service of a charging document terminating parole while simultaneously granting parole through an I-94 form would render the notice requirement a nullity").

The Federal Respondents alternatively contend that "service of the I-200 arrest warrant on October 15, 2026, should serve as notice to Pacheco Estrada that his parole has been terminated." Response at 6. But the Federal Respondents provide no citation to authority or further discussion of that one-sentence argument. Indeed, most of the Response addresses a claim that Pacheco Estrada does not raise.[4] Nevertheless, the warrant does not even

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[4] Pacheco Estrada does not raise a statutory interpretation claim based on Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258 (11th Cir. 2026), nor does he seek a bond hearing before an immigration judge under § 1226. Indeed,

mention Pacheco Estrada's parole or the reasons for its revocation. See Ortiz Molina v. Mullin, No. CV 26-188-DLB, 2026 WL 1418483, at *3 (E.D. Ky. May 20, 2026) (finding that the issuance of an I-200 warrant "did not put [the p]etitioner on notice that his parole status was being terminated").

On this record, the Federal Respondents failed to comply with their own regulations when revoking Pacheco Estrada's parole by not providing him with "written notice" as required by 8 C.F.R. § 212(e)(2)(i). See Gomez v. Olsen, No. 4:26-CV-00021-TWP-KMB, 2026 WL 413371, at *2 (S.D. Ind. Feb. 13, 2026) ("No evidence indicates that any authorized official made the requisite determination regarding [the petitioner's] parole or that the determination was presented to her in writing. Her parole is active, and her detention is therefore contrary to law."); see generally Mata Velasquez v. Kurzdorfer, 794 F. Supp. 3d 128, 145 (W.D.N.Y. 2025) ("The government therefore does not have the authority to arrest a noncitizen who has been granted parole without properly terminating that parole[.]" (emphasis added)). To be clear, the decision to revoke Pacheco Estrada's parole is not at issue. Indeed, the Federal Respondents may exercise their discretion to do so. But in doing so, they are required to properly follow their own regulations. See Gonzalez v. Reno, 212

---

whether he is properly detained under § 1225 or § 1226 is not the question presented here.

F.3d 1338, 1349 (11th Cir. 2000) ("Executive agencies must comply with the procedural requirements imposed by statute" and "must respect their own procedural rules and regulations."). They did not do so here.

Accordingly, it is **ORDERED**:

1. Pacheco Estrada's Unopposed Motion for Leave to File a Reply in Excess of Seven Pages (Doc. 11) is **GRANTED**, and the Reply (Doc. 12) is **ACCEPTED as filed**.

2. Pacheco Estrada's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that Respondents violated 8 C.F.R. § 212.5(e)(2)(i).[5] Respondents shall release Pacheco Estrada **within 24 hours** of this Order, subject to the conditions of his prior parole, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

---

[5] Because the Court finds that Pacheco Estrada is entitled to relief on this claim, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3. The **Clerk of Court** shall terminate any pending motions as moot, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of November, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

JAX-3
c:
Counsel of record